IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| NATALIE M. FISHER, and ROBERT E. CALEK, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | 04 C 2585 |
| ASSET ACCEPTANCE, LLC, BLITT & GAINES, P.C., and MCMAHAN & SIGUNICK, LTD., Defendants. | ) ) ) ) ) | |

## MEMORANDUM AND ORDER

Plaintiffs Robert E. Calek and Natalie Fisher allege that defendants Asset Acceptance, LLC, Blitt & Gaines, P.C., and McMahan & Sigunick, Ltd. engaged in unlawful collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). In Count IV, which is the only count directed at McMahan & Sigunick, Calek alleges that McMahan & Sigunick engaged in an unfair practice and made false or misleading representations in violation of the FDCPA, 15 U.S.C. §§ 1692 (e) and (f), when it initiated a collection action against him in the Circuit Court of Cook County with insufficient documentation to prove the nature and extent of his indebtness. McMahan & Sigunick seeks judgment on the pleadings on Count IV and a finding pursuant to Fed.R.Civ.P. 54(b) that this judgment is final and appealable. For the following reasons, McMahan & Sigunick's motion is granted in its entirety.

## Background

McMahan & Sigunick is a law firm specializing in consumer debt collection. On or about August 23, 2003, McMahan & Sigunick filed a collection lawsuit against Calek on behalf

of Asset Acceptance in the Circuit Court of Cook County to recover a credit card debt. The complaint referenced an attached affidavit executed by Asset Acceptance's Outsourcing Supervisor, I.T. Tranchida. This affidavit stated that Asset Acceptance "received business records kept in the ordinary course of business by the original creditor, which show and document the balance due and owing." Neither the affidavit nor the complaint contained any specific information regarding the "business records" referenced in Tranchida's affidavit.

The complaint also contained a verification by Parker McMahan, a principal of the McMahan & Sigunick firm, made pursuant to § 2-605 of the Illinois Code of Civil Procedure.[1] In his verification, McMahan stated that, "I, Parker F. McMahan, Jr., on oath, state that I am the attorney for Plaintiff in the above entitled action. The allegations in this Complaint are true on information and belief."

After the state court dismissed the collection action against Calek, he filed this federal action asserting violations of the FDCPA. In Count IV of his complaint, Calek alleges that McMahan & Sigunick engaged in an unfair practice and made false or misleading representations when it brought the state court action against him with virtually no documentation to prove the nature and extent of his indebtness.

---

[1] Section 2-605 provides, in relevant part, that, "[a]ny pleading, although not required to be sworn to, may be verified by the oath of the party filing it or of any other person or persons having knowledge of the facts pleaded. Corporations may verify by the oath of any officer or agent having knowledge of the facts . . . . In pleadings which are so verified, the several matters stated shall be stated positively or upon information and belief only, according to the fact. Verified allegations do not constitute evidence except by way of admission." 735 ILCS § 5/2-605(a).

### **Standard for a Motion for Judgment on the Pleadings**

A party may move for judgment on the pleadings after an answer has been filed. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The familiar Rule 12(b) motion to dismiss standard applies to Rule 12(c) motions, so the court may grant a Rule 12(c) motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d at 452. Moreover, the court must accept all well-pleaded facts as true and view the facts in the complaint in the light most favorable to the nonmoving party. *Id*.

A court may rule on a judgment on the pleadings based upon a review of the pleadings alone. *Id*. The pleadings include the complaint, the answer, and any written instruments attached as exhibits. *Id*. The court may also consider "documents incorporated by reference to the pleadings" and may "take judicial notice of matters of public record." *U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). If the documents attached to the complaint contradict allegations in the complaint, however, the document trumps the allegations. *In the Matter of Wade*, 969 F.2d 241, 249 (7th Cir.1992). Indeed, a plaintiff may plead himself out of court by attaching documents to the complaint which indicate that he is not entitled to judgment. *See id*.

### **Count IV**

As noted above, in Count IV of the complaint, Calek contends that McMahan & Sigunick violated 15 U.S.C. §§ 1692 (e) and (f) by filing a state court action against him when it did not have evidence establishing the nature and extent of his indebtness. Section 1692(e) forbids debt collectors from utilizing "any false, deceptive, or misleading representation or means in

connection with the collection of any debt." 15 U.S.C. § 1692(e). In turn, § 1692(f) prohibits the use of "unfair or unconscionable means to collect any debt." 15 U.S.C. § 1692(f).

Pursuant to the FDCPA, the term "debt collector" applies to lawyers who regularly initiate litigation in an attempt to collect consumer debts. *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). Because McMahan & Sigunick is a law firm specializing in consumer debt collection, it is a debt collector as defined by the FDCPA. McMahan & Sigunick's status as a debt collector/lawfirm, however, does not mean that it is held to a higher standard than a non-attorney debt collector. *See id.*

Thus, the Seventh Circuit has held that debt collectors of all types "are not liable for attempting to collect validly certified amounts owed their client" and hence need not "conduct an independent investigation into the legal intricacies of the client's contract with the consumer." *Jenkins v. Heintz*, 124 F.3d 824, 833-834 (7th Cir. 1997). McMahan & Sigunick's status as a law firm, therefore, did not require it to conduct its own independent research regarding Asset Acceptance's claim prior to filing the state court action. This means that its failure to investigate the validity of Asset Acceptance's claim does not violate the FDCPA.

The court next considers whether a verification based on "information and belief" constitutes a "misrepresentation" or an "unfair means" of collecting a debt and thus violates the FDCPA.[2] The Illinois Code of Civil Procedure allows verification of matters stated "upon

---

[2] The court must also pause to note the irony of Calek's certification argument. Calek is represented by Edelman & Combs, a law firm which has brought many, many FDCPA cases. Edelman & Combs has previously taken the position that, "[t]he verification of a complaint by counsel is a deceptive and unfair practice, in violation of 15 U.S.C. § 1692e, in that it amounts to a false representation of counsel's knowledge . . . . It is a violation of the FDCPA for an attorney to verify a complaint." *Gonzales v. Lawent,* No. 03 C 2237, 2004 WL 2036409 at *2 (N.D. Ill. Sept. 10. 2004). The court rejected that claim, and today, Edelman & Combs makes a 180 degree

information and belief." *See* 735 ILCS § 5/2-605; *Cohen v. Smith*, 269 Ill.App.3d 1087, 1097 (5th Dist. 1995) ("Section 2-605 of the Illinois Civil Practice Law provides that even verified pleadings may be stated positively or upon information and belief"). Further, an attorney may verify a complaint if she possesses personal knowledge of the relevant facts, but is not required to do so. *Gonzales v. Lawent,* 2004 WL 2036409 at *2; *Schwartz v. Great Central Insurance Co.,* 188 Ill.App.3d 264, 269 (5th Dist. 1989).

A copy of McMahan & Sigunick's state court complaint is attached to Calek's federal complaint. The state court complaint specifically states that the allegations contained within that complaint were based upon "information and belief." The words "information and belief" convey to the reader that the person making the allegations does not necessarily have personal knowledge of the facts alleged, and is clearly permissible under Illinois law. 735 ILCS § 5/2-605; *Gonzales*, 2004 WL 2036409 at *3.

Therefore, Calek's claim that the attorney verification violated the FDCPA because it was not made based on "personal knowledge" fails as a matter of law. *See, e.g., Gonzales,* 2004 WL 2036409 at *3; *Lockett v. Freedman*, No. 03 C 2992, 2004 WL 856516 at *2-3 (N.D. Ill. April 21, 2004); *Bradley v. Fairbanks Capital Corp.,* No. 02 C 7786, 2003 WL 21011801 at *3 (N.D. Ill. May 5, 2003). This means that Calek cannot state a FDCPA claim under §§ 1692(e) or (f) against McMahan & Sigunick based on the "information and belief" allegations in the state court complaint. Accordingly, Count IV is dismissed with prejudice.

---

turn and contends that an attorney violates the FDCPA by filing pleadings based on information and belief.

**54(b) Certification**

Under Rule 54(b), when the court enters an order which does not dispose of all claims against all parties, it may direct the entry of a final judgment as to that order if it certifies that there is no just reason for delay and directs the entry of a final judgment. Fed. R. Civ. P. 54(b). This order removes McMahan & Sigunick from this action based on a straightforward reading of well-established precedent. Requiring McMahan & Sigunick to monitor the status of this on-going litigation, which has no connection to the allegations against it, is not in the interests of justice. Accordingly, the court certifies this order under Rule 54(b).

**Conclusion**

For the above reasons, McMahan & Sigunick's motion for judgment on the pleadings and for certification under Rule 54(b) [61] is granted.

DATE: July 26, 2005

_____
Blanche M. Manning
United States District Judge